RECORD NUMBER: 14-4103

# United States Court of Appeals
*for the*
# Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**STEPHANIE CHAPMAN,**

*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA AT ALEXANDRIA

# OPENING BRIEF OF APPELLANT

**ALFRED L. ROBERTSON, JR.**
**ROBERTSON LAW OFFICE, PLLC**
**500 North Washington Street**
**Alexandria, Virginia 22314**
**(571) 482-5133**
**rob@robertsonlawoffice.com**

*Counsel for Appellant*

COUNSEL PRESS • VA – (800) 275-0668

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................iii

SUBJECT MATTER AND APPELLATE JURISDICTION......................... 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ................... 2

    ISSUE 1: NO REASONABLE TRIER OF FACT COULD FIND APPELLANT GUILTY OF THE OFFENSES DETAILED IN THE INDICTMENT. ..................................................................................... 2

    ISSUE 2: THE TRIAL JUDGE ERRED IN DECLINING TO INSTRUCT THE JURY ON MISTAKE OF FACT............................ 2

STATEMENT OF THE CASE................................................................................ 2

    a.  PROCEDURAL HISTORY ............................................................. 2

    b.  FACTS RELEVANT TO THE ISSUES SUBMITTED FOR REVIEW ................................................................................. 3

SUMMARY OF THE ARGUMENT .......................................................... 4

ARGUMENT ..................................................................................................... 5

    ISSUE 1: NO REASONABLE TRIER OF FACT COULD FINDAPPELLANT GUILTY OF THE OFFENSES DETAILED IN THE INDICTMENT...................................................................... 5

        a.  STANDARD OF REVIEW............................................................ 5

        b.  ARGUMENT................................................................................ 6

    ISSUE 2: THE TRIAL JUDGE ERRED IN DECLINING TO INSTRUCT THE JURY ON MISTAKE OF FACT............................ 9

CONCLUSION AND STATEMENT OF PRECISE RELIEF SOUGHT ... 10

REQUEST FOR ORAL ARGUMENT ........................................................ 11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**

*In re Winship,*
   397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)........................................9

*United States v. Burgos*,
   94 F.3d, 858 (4th Cir.1996) (*en banc*) ...............................................................8

*U.S. v. Ismail*,
   97 F.3d 50 (4th Cir. 1996) ..................................................................................9

*United States v. Jones,*
   471 F.3d 535 (4th Cir. 2006) ..............................................................................7

*United States v. Phea,*
   Record Number 12-15031 (5th Cir. 2014) (unpublished.) ..................................6

*United States v. Robinson*
   702 F.3d 22 (2nd Cir. 2013.) ..............................................................................6

*United States v. Spruill*,
   119 F.3d 221, 227 (4th Cir. 1997*), cert. denied*, 522 U.S. 1006 (1997) ..............5

**Rules**

Rule 4(b) of the Federal Rules of Appellate Procedure..............................................1

**Statutes**

18 U.S.C § 2......................................................................................... 1, 2, 10, 11

18 U.S.C §1591 ............................................................................................ passim

18 U.S.C §2423 ............................................................................................ passim

iii

18 U.S.C §1594 ............................................................................................ 1, 2, 5, 10

28 U.S.C. § 1291 .................................................................................................... 1

**Other Authorities**

*Clark & Marshall*, A Treatise on the Law of Crimes § 5.11 at 321-31 (7th ed. 1967). .................................................................................................................. 10

*Rollin M. Perkins & Ronald N. Boyce*, Criminal Law 1044-50 (3d ed. 1982) ........ 10

*Wayne R. Lafave & Austin W. Scott, Jr.*, Criminal law § 5.1 at 405-20 (2d ed. 1986) ................................................................................................................. 10

William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA), Pub. L. No. 110-457, 122 Stat. 5044 ..................................................... 7

## I. SUBJECT MATTER AND APPELLATE JURISDICTION

Appellant, Stephanie Chapman, appeals the final judgment order entered by the United States District Court for the Eastern District of Virginia finding him guilty of violating Title 18, Section 1594(c), conspiracy to commit sex trafficking of a child, Title 18, Sections 2 and 1591(a) and 1594(a), sex trafficking of a child, and Title 18, Sections 2 and 2423, interstate transportation of a minor for purposes of prostitution.

Title 28, Section 1291 of the United States Code provides that the final judgment order of the trial court is reviewable by the court of appeals of the circuit in which the district court proceeding was held. Accordingly, on February 3, 2014, Ms. Chapman timely filed a Notice of Appeal in the trial court from the final judgment of the United States District Court for the Eastern District of Virginia, pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure. The trial court entered a final judgment order on January 24, 2014, which was filed in the Clerk's office of the United States District Court for the Eastern District of Virginia the same day and disposed of all parties' claims. On March 19, 2014, Ms. Chapman filed her Docketing Statement with this Court.

## II. STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

**ISSUE 1: NO REASONABLE TRIER OF FACT COULD FIND APPELLANT GUILTY OF THE OFFENSES DETAILED IN THE INDICTMENT.**

1

**ISSUE 2: THE TRIAL JUDGE ERRED IN DECLINING TO INSTRUCT THE JURY ON MISTAKE OF FACT.**

### III. STATEMENT OF THE CASE

a. Procedural History

On May 9, 2013, the Government filed a Criminal Complaint and supporting affidavit accusing Appellant and her co-defendant, Ronnie Holmes, of sex trafficking of a child in violation of Title 18, United States Code, Section 1591 (a). On July 11, 2013, the grand jury returned an Indictment against Appellant for alleging violating Title 18, Section 1594(c), conspiracy to commit sex trafficking of a child, Title 18, Sections 2 and 1591(a) and 1594(a), sex trafficking of a child, and Title 18, Sections 2 and 2423, interstate transportation of a minor for purposes of prostitution.

The parties appeared before the Honorable Liam O'Grady on October 15, 2013 for jury trial upon the charged offenses. On October 17, 2013, the jury found the Appellant guilty of all counts.

A Sentencing hearing was held on January 24, 2014. At the conclusion of the sentencing hearing, Judge O'Grady sentenced Ms. Chapman to 132 months on each count, to run concurrently with each other for a total of 132 months incarceration. On February 3, 2014, Ms. Chapman timely filed a Notice of Appeal

2

in the trial court from the final judgment of the United States District Court for the Eastern District of Virginia.

      b. <u>Facts Relevant To The Issues Submitted for Review</u>

On March 12, 2013, the Appellant was arrested at a hotel in Fairfax County, Virginia by the Fairfax County Police. At the time of the arrest, both Ronnie Holmes and a female juvenile (hereinafter referred to as "Jane Doe") were present. The police had been summoned to the hotel by Jane Doe's mother, after Jane Doe called her requesting help.

Investigation revealed that Jane Doe was working as a prostitute at the direction of Ronnie Holmes. Holmes did not drive, and had relied upon the Appellant, his girlfriend, to drive him where he needed to go.

Holmes had met Doe in a parking lot outside of the apartment where the Appellant was staying. He convinced her to have sex with him, and convinced her to work as a prostitute. During the trial, it was alleged that the Appellant assisted Holmes with various tasks affiliated with Jane Doe's prostitution work including placing advertisements on the internet, transportation to and from appointments, and instructions on how to handle clients.

The Appellant testified that she asked how old Jane Doe was, and Ronnie Homes told her that she was 20. Further, Ronnie Holmes told the Appellant that he had seen Jane Doe's identification, when the Appellant asked him if he had

confirmed Jane Doe's age. (J.A. page 390-391.) The Appellant asked Jane Doe herself how old she was, and was told by Jane Doe that she was 20, and that Ronnie Holmes had seen her identification. Jane Doe testified that she told the Appellant that she was 18. (J.A. page 257-258.) The Appellant also testified that Ronnie Holmes received money from Jane Doe, and that money was used for Jane Doe's and Ronnie Holmes' expenses. (J.A. page 398.)

During the trial, evidence was adduced that Ronnie Holmes did not know how to drive, and that he relied upon the Appellant to drive him. (J.A. page 222.) Evidence was also adduced that the Appellant gave Jane Doe condoms and gave her instruction on how to handle customers, including how much money to charge, how long to stay with a customer, and other similar information (See generally, the Testimony of Jane Doe, J.A. pages 184-265.)

At the close of evidence, the Appellant again asserted that a mistake of fact jury instruction should be given to the Jury. The Government objected, and after hearing argument on the issue, the Court declined to give the proposed instruction (J.A. page 418.)

## IV.   SUMMARY OF THE ARGUMENT

A. No reasonable trier of fact could find the Appellant guilty of the offenses charged in the indictment, in light of the testimony that Jane Doe told the Appellant she was over 18 years of age, and in light of the testimony that

4

Ronnie Holmes checked her identification and confirmed that she was over 18 years of age. The Government's evidence of a reasonable opportunity to observe Jane Doe was equivocal, as Jane Doe's appearance, and mannerisms do not lead to a conclusion that she is under the age of 18 years when a beyond a reasonable doubt standard is applied.

B. The Trial Judge erred in failing to give a mistake of fact jury instruction when there was sufficient evidence to support such an instruction. In Counts 1 and 2 of the indictment, the Appellant was charged with 18 U.S.C. §1591 (§1594 refers to §1591) which is not a strict liability statute. (See J.A. pages 271-273 and 412-418.)

## V. ARGUMENT

**ISSUE 1: NO REASONABLE TRIER OF FACT COULD FIND APPELLANT GUILTY OF THE OFFENSES DETAILED IN THE INDICTMENT.**

a. Standard of Review

When this court reviews a sufficiency of the evidence argument, it must only sustain a verdict where "there is substantial evidence, taking the view most favorable to the Government to support it." *United States v. Spruill*, 119 F.3d 221, 227 (4th Cir. 1997), *cert. denied*, 522 U.S. 1006 (1997).

5

b. Argument

The Government failed to prove each element of the charges in the indictment beyond a reasonable doubt. The Government did adduce evidence that Jane Doe was a juvenile and that she worked as a prostitute at Ronnie Holmes' direction and that Jane Doe spent money on her expenses.

They failed to show that the Appellant benefitted financially or received anything of value from Jane Doe. Further, they failed to show that the Appellant knew or showed reckless disregard of the fact that Jane Doe was 15 years old at the time. In fact, the evidence showed the opposite. The evidence showed that the Appellant asked Ronnie Holmes how old Jane Doe was, and even further inquired as to the basis of his knowledge (J.A. page 390-391.) Also, the evidence showed that Jane Doe herself lied about her age to Chapman (J.A. page 257-258.)

There was no allegation at trial of any violence, or threats of violence, or coercion was used against Jane Doe to engage in prostitution.

18 U.S.C. § 1591 is not a strict liability statute. The Government argued to the Trial Court otherwise, citing *United States v. Robinson* 702 F.3d 22 (2nd Cir. 2013.)[1] The Government would have Courts interpret the phrase "reasonable opportunity to observe" as eliminating a *mens rea* of knowing or reckless. However, such a reading ignores the statute's wording.

---

[1] The Fifth Circuit agrees with the Second. See *United States v. Phea,* Record Number 12-15031 (5th Cir. 2014) (unpublished.)

6

For example, if Congress had decided to make §1591 a strict liability statue, it could easily do so. Comparing the statute with §2423, the third count in the indictment against the Appellant, and one that this Court has held is a strict liability statute (See *United States v. Jones,* 471 F.3d 535 (4th Cir. 2006), shows that the language is different. In §2423 the statute simply says "Any person who knowingly transports an individual who has not attained the age of 18 years…" and goes on to identify a defense: "(g) In a prosecution under this section based on illicit sexual conduct…, it is a defense, which the defendant must establish by a preponderance of the evidence, that the defendant reasonably believed that the person with whom the defendant reasonably engaged in the commercial sex act had attained the age of 18 years."

§1591 contains "knowing, or in reckless disregard of the fact, …that the person has not attained the age of 18 years". Later, in 2008, subsection (c) was added by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA), Pub. L. No. 110-457, 122 Stat. 5044. That section added "the reasonable opportunity to observe" language: "In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained or maintained, the Government need not prove that the defendant knew that the person had not obtained the age of 18 years." If the Congress intended to make this

statute a strict liability statute, they could have removed the "knowing, or in reckless disregard" language.

There is further tension in subsection (c). A "reasonable opportunity to observe" is a hazy concept. What if the person appears, as in this case, to be over the age of 18? Congress seems to have recognized this issue by leaving the "knowing or in reckless disregard" language in the statute.

This argument does not concede that the Appellant is guilty of §2423. In this case, the Appellant reasonably believed, based upon the many representations made to her that Jane Doe was over the age of 18 years.

The Government also failed to prove that the Appellant received anything of value from Jane Doe. They did show that the money earned by Doe went to pay for hotel rooms and other items that she used. The Government did show that the Appellant stayed in the rooms rented on occasion. However, the Appellant did so not because she needed to, but to be with Ronnie Holmes. It was Ronnie Holmes that would have nowhere to sleep if not for Jane Doe's money, and it was Ronnie Holmes that took the money from Jane Doe and used it to further his scheme.

"Although the United States may rely on inferences and circumstantial evidence, it nevertheless must establish proof of each element' of the crime 'beyond a reasonable doubt.' *United States v. Burgos*, 94 F.3d 849, 858 (4th Cir.1996) (*en banc* ). As Judge Williams recently explained for the *en banc* court,

8

'[t]o require less of the Government would eviscerate its burden to prove all elements of a crime beyond a reasonable doubt and relieve it of its burden of vigilance in prosecuting crimes-thereby violating bedrock principles of our Anglo-American jurisprudence.' *Id.* (citing *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970))." U.S. v. Ismail, 97 F.3d 50 (4th Cir. 1996).

Here, in holding that "mistake of fact" was a not proper defense, and instructing the jury accordingly, allowed the Government to not prove that the Appellant knew the age of Jane Doe, a necessary fact for conviction.

**ISSUE 2: THE TRIAL JUDGE ERRED IN DECLINING TO INSTRUCT THE JURY ON MISTAKE OF FACT.**

During the Trial, Appellant offered the following instruction (titled "Mistake of Fact":

"You have heard evidence that the defendant's actions were based on a mistake of fact. Mistake of fact is a defense and you are required to find the defendant not guilty if all of the following three factors are present:

(1) the defendant actually believed that Jane Doe was over 18 years of age;

(2) the defendant's belief and actions were reasonable under the circumstances; and

(3) the defendant did not intend to commit the crime of sex trafficking of a child or interstate transportation minor for purposes of prostitution

9

and the defendant's conduct would not have amounted to the crime of sex trafficking of a child or interstate transportation minor for purposes of prostitution if the mistaken belief had been correct, meaning that, if the true facts were what the defendant thought them to be, the defendant's conduct would not have been in violation of the crimes charged in this case.

In order to convict the defendant, the United States must show that the mistake of fact defense does not apply in this case by proving, beyond reasonable doubt, that at least one of the three factors previously stated were absent."

This instruction cited the following authority: "*Wayne R. Lafave & Austin W. Scott, Jr.*, Criminal law § 5.1 at 405-20 (2d ed. 1986); *Rollin M. Perkins & Ronald N. Boyce*, Criminal Law 1044-50 (3d ed. 1982). *Clark & Marshall*, A Treatise on the Law of Crimes § 5.11 at 321-31 (7th ed. 1967)."

The Court declined the instruction, finding that §1591 was essentially a strict liability statute. As stated above, it is not. It was error not to give this instruction.

## VI. CONCLUSION AND STATEMENT OF PRECISE RELIEF SOUGHT

The trial court erred in finding Appellant Stephanie Chapman guilty of violating Title 18, Section 1594(c), conspiracy to commit sex trafficking of a child, Title 18, Sections 2 and 1591(a) and 1594(a), sex trafficking of a child, and Title

18, Sections 2 and 2423, interstate transportation of a minor for purposes of prostitution.

For the reasons set forth above, the Appellant respectfully requests that this Court vacate the jury verdict entered in the trial court and remand this case for dismissal of the Indictment or, in the alternative, for a new trial.

## VII. REQUEST FOR ORAL ARGUMENT

Appellant does <u>not</u> waive oral argument and does desire to orally state the reasons her appeal should be granted, in person, to a panel of this Court.

## VIII. CERTIFICATE OF SERVICE OF COMPLIANCE WITH TYPE-VOLUME, LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) as this brief contains 2,485 words, excluding parts of the brief exempted by Rule 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Rule 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font size and times new roman type style.

_____/s/_____
Alfred L. Robertson, Jr.

11

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. <u>14-4103</u>     Caption: <u>United States of America v. Stephanie Chapman</u>

### CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [✓]  this brief contains <u>  2,487  </u> [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ]  this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [✓]  this brief has been prepared in a proportionally spaced typeface using <u>Microsoft Word 2010</u> [*identify word processing program*] in <u>Times New Roman14</u> [*identify font size and type style*]; **or**

   [ ]  this brief has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) <u>Alfred L. Robertson, Jr.</u>

Attorney for <u>Defendant / Appellant</u>

Dated: <u>9/25/2014</u>

# CERTIFICATE OF SERVICE

I certify that on  9/25/2014  the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Office of the United States Attorney
Michael J. Frank
2100 Jamieson Avenue
Alexandria, VA  22314
(703) 299-3920
michael.frank@usdoj.gov

Alfred L. Robertson, Jr.  
Signature

9/25/2014  
Date